# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| DEBRA SUE GARDNER, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO. 4:23-CV-00615-ALM-AGD |
| v. § | |
| § | |
| JPMORGAN CHASE BANK, N.A., ET AL., § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On June 29, 2023, *pro se* Plaintiff Debra Sue Gardner initiated the instant lawsuit by filing an Original Complaint against Defendants Barrett Daffin Frappier Turner & Engel LLP and JPMorgan Chase Bank, N.A. for breach of contract (Dkt. #1). On July 25, 2023, the court ordered Plaintiff to file an amended complaint by August 25, 2023, alleging facts sufficient to invoke the court's jurisdiction (Dkt. #10). On August 21, 2023, Plaintiff filed a motion for a twenty-day extension to file an amended complaint (Dkt. #15). The court granted Plaintiff's motion for an extension and ordered Plaintiff to file an amended complaint no later than September 12, 2023 (Dkt. #16). On September 12, 2023, Plaintiff did not file an amended complaint, but instead filed a document titled "Notice of Conflicts and Variance; Special Petition to Proceed Ex Parte, In Camera Hearing, Demand to Show Cause," which did not refer to the jurisdictional issue (Dkt. #17). Accordingly, the court recommends that Plaintiff's claims be dismissed without prejudice for failure to plead jurisdiction and failure to comply with a court order.

Under the federal rules, the court must dismiss the case if there is no subject matter jurisdiction. FED. R. CIV. P. 12(h)(3). The party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). Broadly, a federal

court has subject matter jurisdiction over cases arising under federal law. U.S. CONST. art. III, § 2, cl. 1; 28 U.S.C. § 1331. A federal court also has subject matter jurisdiction over cases where the parties are completely diverse and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.

Here, Plaintiff does not allege a cause of action that arises under federal law. (Dkt. #1). Additionally, with respect to diversity jurisdiction, Plaintiff's complaint does not state the citizenship of the Parties (Dkt. #1). In her complaint, Plaintiff alleges that she is a "resident of Plano, Texas," Defendant JPMorgan Chase Bank, N.A. "is not a resident of Texas and conducts business in the State of Texas," and Defendant Barrett Daffin Frappier Turner & Engel LLP's "conducts business in the state of Texas." (Dkt. #1 at p. 1). Because Plaintiff did not carry her burden of establishing federal subject matter jurisdiction, the court must dismiss the case.

Additionally, a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

Here, the court directed Plaintiff to file an amended complaint alleging facts demonstrating that the court has subject-matter jurisdiction (Dkt. #10; Dkt. #16). To date, Plaintiff has not filed an amended complaint. Accordingly, the present case should be dismissed without prejudice under

Federal Rule of Civil Procedure 41(b) for failure to plead jurisdiction and comply with court orders. *See* FED. R. CIV. P. 41(b); *Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 ("The Court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with Court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (plaintiff's "failure to submit an updated mailing address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Wildhaber v. United States*, No. 3:19-CV-2045-K (BH), 2020 WL 2544021, at *1 (N.D. Tex. Apr. 20, 2020) ("Because [plaintiff] failed to comply with the orders that he pay the filing fee or file an IFP application with a certificate of inmate trust account, and has not otherwise responded to it, this case should be dismissed for failure to prosecute or follow an order of the court."), *report and recommendation adopted*, No. 3:19-CV-2045-K, 2020 WL 2542735 (N.D. Tex. May 19, 2020); *Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1]

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process in a way that leaves the court no choice but to deny that plaintiff its benefits." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793 (citations omitted). In the present case, Plaintiff failed to comply with the court's order requiring her to plead facts sufficient to invoke the court's jurisdiction. Accordingly, Plaintiff's actions do not threaten the judicial process, and dismissal with prejudice is inappropriate.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE**. The court further recommends that Plaintiff's Motion for Judicial Notice and Show Cause (Dkt. #6), Defendant Barrett Daffin Frappier Turner & Engel LLP's Motion to Dismiss (Dkt. #9), and Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss (Dkt. #20) be **DENIED** as moot.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of March, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE